IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES E. THORNTON, #Y19115,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-00234-SMY |
| ) | |
| **ROB JEFFREYS,** ) | |
| **ANTHONY WILLS,** ) | |
| **JOHN DOES 1-10,** ) | |
| **BOSWELL PHARMACY SERVICES, LLC,** ) | |
| **and WEXFORD HEALTH SOURCES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Charles Thornton, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Menard Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from the denial of medical care at Menard. The First Amended Complaint[1] (Doc. 7) is now subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 7, pp. 8-12): Plaintiff was injured by inmates who were fighting near him in Menard's prison yard on December 9, 2021. Plaintiff had a pre-existing gunshot wound to his neck that left a bullet lodged

---

[1] Plaintiff filed his original Complaint (Doc. 1) on February 1, 2024 and his First Amended Complaint (Doc. 7) on February 7, 2024, before the original was screened under 28 U.S.C. § 1915A. The First Amended Complaint supersedes and replaces the original Complaint and renders it **VOID**. *Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint is the subject of this merit review order.

1

near his spinal cord.  When the brawling inmates knocked him to the ground, Plaintiff felt searing pain run from his neck down his back.  *Id.* at 8.

Plaintiff requested medical treatment and was given "some."  *Id*.  However, Defendants denied him access to his prescription medication for nerve pain (Neurontin), despite noting distribution of this medication in his medical records.  *Id*.  When passing out medication to inmates, Medical Technicians John Doe 1-10 intentionally gave Plaintiff cups of water without his Neurontin from the pharmacy during the 3 p.m. – 11 p.m. and 11 p.m. – 7 a.m. shifts.  He filed kites and grievances to alert the prison's medical staff to his pain, but nothing was done to address it from December 9, 2021 to May 2022.[2]  *Id*.  As a result, Plaintiff suffered severe pain that impeded his daily activities and caused emotional distress.  *Id*. at 9-10.

## Preliminary Dismissals

Plaintiff identifies the following defendants in the case caption but sets forth no claims against them in the statement of his claim: Rob Jeffreys, Anthony Wills, Wexford Health Sources, Inc. and Boswell Pharmacy Services, LLC.  (Doc. 7, p. 1).  If a plaintiff fails to include the name of a defendant in his statement of claim or make any allegations against them,[3] that defendant cannot be said to have notice of which claims, if any, are directed against the party.  FED. R. CIV. P. 8(a)(2).  Merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Because Plaintiff makes no allegations against Rob Jeffreys, Anthony Wills, Wexford Health Sources, Inc. and Boswell Pharmacy Services, LLC, these defendants will be dismissed from this action without prejudice.

---

[2] Plaintiff refers to the relevant time period as being "December 9, 2021 to on or about May 2021," when he likely intended to state "May 202**2**."
[3] Plaintiff mentions these defendants in a single paragraph of his statement of claim: "Plaintiff Charles E. Thornton ha[s] filed prior lawsuits and prior grievances against Defendants Wexford Health Sources, Inc. . . . and Warden Anthony Wills and on the prison staff here at Menard Correctional Center [c]oncerning my inadequate living conditions and medical care."  *Id*. at 8.

**Discussion**

The Court designates the following claim in the *pro se* First Amended Complaint:

Count 1:   Eighth Amendment claim against Defendants John Doe 1-10 (Medical Technicians) for their deliberate indifference to Plaintiff's severe nerve pain from December 9, 2021 until May 2022.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under** *Twombly*.[4]

**Count 1**

To state an Eighth Amendment claim based on the denial of medical care, a plaintiff must first describe a sufficiently serious medical condition, which is one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Plaintiff's pre-existing gunshot wound satisfies this standard because a physician prescribed him Neurontin for ongoing nerve pain caused by the bullet that was left lodged near his spinal cord.

A plaintiff must also plead facts suggesting that each defendant exhibited deliberate indifference to his serious medical need. *Id*. Here, Plaintiff claims that ten unknown medical technicians disregarded his pleas for pain medication and intentionally served him cups of water without Neurontin during the 3 p.m. – 11 p.m. and 11 p.m. – 7 a.m. shifts from December 9, 2021 until May 2022. This delay in addressing his complaints of serious pain supports a claim of deliberate indifference against each defendant. *See Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) (delay in treating non-life-threatening but painful condition may amount to deliberate indifference where it exacerbates inmate's injury or unnecessarily prolongs his pain).

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Count 1 survives screening and will proceed against John Doe 1-10 (Medical Technicians), once they are identified. Menard's current warden will be added as a defendant, in his or her official capacity, for purposes of responding to discovery aimed at identifying each defendant by name, so that service of this lawsuit can be made on each individual.

## Disposition

The First Amended Complaint (Doc. 7) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against **JOHN DOE 1-10 (Medical Technicians)**,[5] in their individual capacities, once they are identified. **ALL OTHER DEFENDANTS** are **DISMISSED** without prejudice because the First Amended Complaint fails to state a claim against them.

The **CURRENT WARDEN OF MENARD CORRECTIONAL CENTER** is **ADDED** as a defendant, in his or her official capacity only, and is responsible for responding to discovery aimed at identifying each defendant by name.

The Clerk shall prepare for **MENARD CORRECTIONAL CENTER'S CURRENT WARDEN (official capacity)** and **JOHN DOE 1-10 (Medical Technicians) (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 7), and this Memorandum and Order to each Defendant's place of employment, once identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of service, as authorized by the Federal Rules of Civil Procedure.

---

[5] These defendants worked the 3p.m. – 11p.m. and/or 11p.m. – 7a.m. shifts between December 9, 2021 and May 2022.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant Warden need only file an appearance and not an Answer to the First Amended Complaint. Once the appearance is on file, the Court will enter a Doe Identification Order containing further instructions and deadlines for exchanging information necessary to identify Defendants John Doe 1-10, so that service of this lawsuit can be completed.

Defendant John Doe 1-10 (once identified) are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD the CURRENT WARDEN OF MENARD**

**CORRECTIONAL CENTER (official capacity only) as a defendant in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

    **IT IS SO ORDERED.**

    **DATED:** May 22, 2024                    _s/ Staci M. Yandle_
                                                                             STACI M. YANDLE
                                                                             United States District Judge

**Notice to Plaintiff**

Once Defendants John Doe 1-10 are identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.