IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES E. THORNTON, Y19115,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-00234-SMY |
| ) | |
| **JOHN DOES 1-10 and** ) | |
| **CURRENT WARDEN OF MENARD** ) | |
| **CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Plaintiff Charles Thornton's Motion to Disqualify Judge. (Doc. 64). For the following reasons, the motion is **DENIED**.

Two situations compel a federal judge to recuse herself. *See* 28 U.S.C. § 455. First, a judge must disqualify herself "in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard in any case for a [Section] 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). Put differently, Section 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996). Absent exceptional circumstances, a judge's adverse ruling in a case provides insufficient grounds for disqualification. *Id.* at 355.

Second, under Section 455(b)(1), a judge must recuse herself if "[s]he has a personal bias or prejudice concerning a party." *Id.* To trigger disqualification under this provision, the party must put forth "compelling evidence" of the bias or prejudice, and it must be grounded in "some

1

personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (internal quotation marks omitted).

Plaintiff challenges the Court's Text Order (Doc. 25) confirming that public records listed Anthony Wills as the Warden of Menard Correctional Center on June 10, 2024. (Doc. 25). The Court entered the order in response to Plaintiff's motion for clarification in which Plaintiff asserted that Warden Wills was not the chief administrative officer at the time he signed a waiver of service in late May 2024. (Doc. 23). According to Plaintiff, the Court overlooked the issue because Plaintiff appealed a summary judgment decision in another case. (Doc. 64).

Plaintiff's motion does not satisfy the aforementioned requirements – he points to no actual or apparent prejudice, bias, personal malice, or animus on the part of the undersigned. *See* 28 U.S.C. § 144. Simply put, his disagreement with the Court's Text Order at Doc. 25 provides insufficient grounds for disqualification. Therefore, the Motion to Disqualify Judge (Doc. 64) is **DENIED**.

       **IT IS SO ORDERED.**
       **DATED: 1/23/2025**

       *s/ Staci M. Yandle*
       **STACI M. YANDLE**
       **United States District Judge**