IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. THORNTON, #Y19115, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-00234-SMY |
| ) | |
| JOHN DOES 1-10 and ) | |
| CURRENT WARDEN OF MENARD ) | |
| CORRECTIONAL CENTER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is now before the Court for case management. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 1, 2024. Following preliminary review of the First Amended Complaint (Doc. 7) on May 22, 2024, Plaintiff was allowed to proceed with an Eighth Amendment claim of deliberate indifference against ten unknown medical technicians (John Doe 1-10) at Menard Correctional Center. (Doc. 20). The Current Warden of Menard Correctional Center was added as a party in an official capacity to help identify each defendant.

After the warden appeared, the Court entered a John Doe Identification Order (Doc. 26) with instructions and deadlines for naming each unknown defendant by first and last name. Plaintiff was ordered to file a motion for substitution of the defendants, identifying all ten unknown defendants, no later than September 10, 2024. (Doc. 26, p. 2). He was warned that failure to do so would result in dismissal of the John Doe Defendants and this case for failure to prosecute. (*Id*. at 2-3) (citing FED. R. CIV. P. 41(b)).

1

Plaintiff failed to identify any of the ten John Doe Defendants. On the original deadline for doing so, he requested an extension of time to name them. *See* Doc. 40. The Court ultimately granted three extensions, with the final deadline occurring on December 10, 2024, *see* Docs. 42, 52, and 59. Plaintiff was repeatedly warned that failure to comply with the Court's orders at Docs. 26, 42, 52, and 59 would result in dismissal of the unidentified defendants and this action. *Id*. All deadlines for identifying the unknown defendants have expired, and Plaintiff has taken no meaningful steps to move this matter forward. As such, the Court finds that Plaintiff has persistently failed to comply with the Court's orders (Docs. 26, 42, 52, and 59) and also failed to prosecute his claims against Defendants John Doe 1-10.

Accordingly, this case is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to follow an Order of the Court and for failure to prosecute. *See James v. McDonald's Corp*., 417 F.3d 672, 681 (7th Cir. 2005); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). This dismissal does <u>not</u> count as a "strike." Plaintiff remains obligated to pay the filing fee for this action. (*See* Doc. 11).

The Clerk is **DIRECTED** to enter judgment accordingly and mail a copy of this Order to the Trust Fund Officer at Menard Correctional Center.

**IT IS SO ORDERED.**

DATED: February 24, 2025        *s/ Staci M. Yandle*
                                                   **STACI M. YANDLE**
                                                   **United States District Judge**